■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTHA MAE INGRAM, Appellant. [695 NYS2d 453] —Judgment

unanimously modified on the law and as modified affirmed and matter remitted to Ontario County Court for resentencing in accordance with the following Memorandum: By failing to move to withdraw the guilty plea or to vacate the judgment of conviction, defendant failed to preserve for our review her challenge to the sufficiency of the plea allocution (*see, People v Lopez*, 71 NY2d 662, 665). Contrary to the contention of defendant, the plea allocution does not qualify for the rare case exception to the preservation doctrine; her statements did not engender significant doubt with respect to her guilt or otherwise call into question the voluntariness of the plea (*see, People v Toxey*, 86 NY2d 725, 726, *rearg denied* 86 NY2d 839; *People v Lopez, supra*, at 666).

The sentencing minutes indicate that County Court imposed a determinate sentence of two years upon defendant's conviction of attempted assault in the second degree under count two of the indictment. The certificate of conviction, however, indicates that an indeterminate sentence of 1½ to 3 years was imposed upon that conviction. Because of the discrepancy between the sentencing minutes and the certificate of conviction, the sentence imposed on count two must be vacated and the matter remitted to Ontario County Court for resentencing on that count (*see, People v Mohammed*, 151 AD2d 1018, 1019, *lv denied* 74 NY2d 815; *People v Lerner*, 122 AD2d 813, *lv denied* 68 NY2d 1001; *People v Stokes*, 121 AD2d 412, *lv denied* 68 NY2d 760). We reject defendant's contention that the sentence is otherwise unduly harsh or severe. (Appeal from Judgment of Ontario County Court, Harvey, J.—Assault, 2nd Degree.) Present—Green, J. P., Hayes, Pigott, Jr., Callahan and Balio, JJ.