■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVON SHAND, Appellant. [720 NYS2d 866] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Supreme Court for resentencing in accordance with the following Memorandum: The indictments were properly consolidated because the counts alleged therein are "defined by the same or similar statutory provisions and consequently are the same or similar in law" (CPL 200.20 [2] [c]). The fact that the indictments accuse defendant of sex crimes against different victims does not preclude consolidation (*see generally, People v Hall,* 169 AD2d 778, 779; *People v Telford,* 134 AD2d 632, 633, *lv denied* 71 NY2d 903), and defendant failed to demonstrate prejudice as a result of the

consolidation (*see, People v Prezioso,* 199 AD2d 343, 344, *lv denied* 83 NY2d 857).

Defendant failed to preserve for our review his present contention that several of the counts fail to specify the date of the offense (*see, People v Wood,* 260 AD2d 102, 109-110, *affd* 95 NY2d 509; *People v Iannone,* 45 NY2d 589, 600-601; *People v Johnson,* 233 AD2d 887, *lv denied* 89 NY2d 1095), and we decline to reach that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). The verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

The sentencing minutes indicate that Supreme Court imposed an indeterminate sentence of imprisonment of 10 to 25 years upon defendant's conviction of rape in the first degree under count three of indictment No. 409/98. The certificate of conviction, however, indicates that an indeterminate sentence of 10 to 20 years was imposed upon that count. Because of the discrepancy between the sentencing minutes and the certificate of conviction, the sentence imposed on count three of indictment No. 409/98 must be vacated and the matter remitted to Supreme Court for resentencing on that count (*see, People v Ingram,* 263 AD2d 959, 960). We reject defendant's contention that the sentence is otherwise unduly harsh or severe. (Appeal from Judgment of Supreme Court, Monroe County, Sirkin, J.—Rape, 1st Degree.) Present—Pigott, Jr., P. J., Green, Hayes, Scudder and Kehoe, JJ.