■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID JENKINS, Appellant. [751 NYS2d 648] —Cardona, P.J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered September 25, 2000, convicting defendant following a nonjury trial of the crimes of attempted sodomy in the first degree and sexual abuse in the first degree.

Defendant, convicted of attempted sodomy in the first degree and sexual abuse in the first degree, contends legal insufficiency of the evidence and that the verdict was against the weight of the evidence. To sustain the attempted sodomy in the first degree conviction herein, it was necessary to demonstrate that, with intent to engage the victim, less than 11 years old, in deviate sexual intercourse consisting of contact between his penis and her anus, defendant engaged in conduct which tended to effect the commission of that crime (*see* Penal Law

§§ 110.00, 130.00 [2]; § 130.50 [3]). Additionally, to sustain the conviction for sexual abuse in the first degree, the People were required to prove that defendant subjected this 10-year-old child to sexual contact, consisting of the touching of her sexual or other intimate parts, for the purpose of gratifying his sexual desire (*see* Penal Law § 130.00 [3]; § 130.65 [3]).

We must view the trial evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621). If it establishes " 'any valid line of reasoning and permissible inferences [that] could lead a rational person to the conclusion reached by the fact finder,' " we will find legal sufficiency and the verdict will not be disturbed on this basis (*People v Lynch*, 95 NY2d 243, 247, quoting *People v Williams*, 84 NY2d 925, 926). Here, defendant, a family friend, resided in the victim's household. The victim, 10 years old at the time of the alleged crimes, testified that she and her younger siblings would often watch television in defendant's bedroom during the daytime. On one occasion, she entered defendant's bedroom during the evening hours to watch television. There were no chairs or couches in the bedroom and defendant was lying on the bed. She lay down in front of defendant facing the television. After a short time, defendant sat up in bed and the victim heard a sound like a box opening and paper rattling, along with a "popping" sound like the snap of an elastic waistband on a pair of shorts. Defendant lay next to her, pulled her pants and underpants down and placed his arm around her stomach. He rubbed her breasts and "private." Defendant then removed his shorts and put his "private" between the "crack of [her] butt" and, when she tried to pull away, he tightened his arm. He began moving up and down until he uttered "ouch." The victim sat up and saw a "clear thing, clear paper, around * * * his private." She observed "milky stuff on the inside of [the] paper." The mother's boyfriend indicated that the child told him that defendant "touched [her] where he shouldn't have touched [her] where [she] go[es] to the bathroom." Defendant denied any acts of abuse or attempted sodomy. He stated, in his written statement and trial testimony, that the children were always in his room watching television and would cuddle with him on his bed.

Applying the standard of review to determine legal sufficiency, we find that the trial evidence supports the verdict. Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Bleakley*, 69 NY2d 490, 495).

Next, defendant did not preserve for appellate review, by motion to set aside or modify the verdict, his contention that the verdict was repugnant (*see* CPL 330.30; *People v Alfaro*, 66 NY2d 985, 987). Similarly, his claims of prosecutorial misconduct, based upon the elicitation of certain testimony and summation remarks, were not preserved by appropriate objection (*see* CPL 470.05 [2]). Moreover, upon this record, we do not find it appropriate to exercise our discretion to review those issues in the interest of justice (*see* CPL 470.15 [3] [c]; *People v Douglas*, 296 AD2d 656, 657).

Defendant also argues that he was deprived of the effective assistance of counsel when his attorney called the mother's boyfriend as a witness. Since this witness was the first person to accuse him of the crimes, defendant contends it was "reasonably foreseeable * * * that the accuser would do more harm than good as a witness." We find the argument unpersuasive because it appears that the witness was called to show that he had a motive to fabricate the allegations, a tactic which was part of the overall defense strategy, namely, to portray the People's evidence as unreliable. "Losing trial tactics or strategy * * * do not rise to the level of ineffectiveness" (*People v Curry*, 294 AD2d 608, 611, *lv denied* 98 NY2d 674; *see People v Henry*, 95 NY2d 563, 565-566). Viewing the evidence, the law and the circumstances of this case in their totality, we find that defendant received "meaningful representation" (*People v Baldi*, 54 NY2d 137, 146-147).

Finally, we do not agree that the sentence imposed was harsh or excessive. Defendant received, as a second felony offender, concurrent determinate prison terms of nine years for the attempted sodomy conviction and seven years for the sexual abuse conviction. The terms imposed were within the statutory parameters for the crimes committed (*see* Penal Law § 70.06 [6]; § 110.05 [4]; §§ 130.50, 130.65; CPL 400.21 [4]). Given defendant's prior felony conviction, the nature of the crimes and the age of the victim, we cannot say that County Court abused its discretion (*see People v Day*, 215 AD2d 894, *lv denied* 86 NY2d 793). Moreover, we discern no extraordinary circumstances warranting a reduction of the sentence imposed in the interest of justice (*see* CPL 470.15 [6] [b]). Nevertheless, we must vacate defendant's sentence and remit the matter to County Court for resentencing because we find a discrepancy between the sentencing minutes and the Sentence and Commitment—Statement of Conviction form filed in County Court (*see People v Cano*, 287 AD2d 730, 730-731; *People v Ingram*, 263 AD2d 959). The sentencing minutes indicate that defen-

dant was orally sentenced to concurrent determinate sentences of nine years and seven years upon his convictions for attempted sodomy and sexual abuse, respectively. The Sentence and Commitment—Statement of Conviction form indicates indeterminate sentences of 9 to 12 years and 7 to 12 years, respectively. Therefore, we must remit to address that discrepancy.

Peters, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of St. Lawrence County for resentencing; and, as so modified, affirmed.