■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANNE E. ADAMS, Appellant. [906 NYS2d 832]—

Appeal from a judgment of the Supreme Court, Erie County (Michael F. Griffith, A.J.), rendered April 23, 2009. The judgment convicted defendant, upon her plea of guilty, of driving while intoxicated, offering a false instrument for filing in the second degree, and attempted tampering with physical evidence.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for resentencing.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), offering a false instrument for filing in the second degree (Penal Law § 175.30), and attempted tampering with physical evidence (§§ 110.00, 215.40 [1] [a]). Defendant agreed to be charged by superior court information (SCI), and she pleaded guilty in County Court to the crimes charged in the SCI. Subsequent to the entry of the plea, the Erie County Court Judge assigned to the case recused herself. Wyoming County Court Judge Griffith, who was serving as an Acting Supreme Court Justice (ASCJ) for the Eighth Judicial District, informed the People and defendant that he would preside over the sentencing, which would take place in Erie County. Although the record contains no documentation that ASCJ Griffith had been assigned to the case, he nevertheless thereafter presided over the sentencing in Supreme Court, Erie County. The People concede that the record does not contain any evidence of a transfer of the case from County Court to Supreme Court pursuant to 22 NYCRR 200.11 (d) (4). Defendant was sentenced to, inter alia, 15 days in jail, and the court ordered her to write letters of apology both to the police officers involved and to the Bar Association of Erie County. A stay of execution of the judgment was granted by a Justice of this Court.

Contrary to defendant's contention, the Erie County Court Judge who recused herself did not violate any provision of the law and the decision whether to recuse herself therefore was left to her sound discretion (see Judiciary Law § 14; 22 NYCRR 100.3 [E], [F]; *People v Williams*, 57 AD3d 1440 [2008], *lv denied* 12 NY3d 789 [2009]; *People v Whitfield*, 275 AD2d 1034 [2000], *lv denied* 95 NY2d 971 [2000]). We agree with defendant, however, that she was illegally sentenced in Supreme Court af-

ter her plea had been entered in County Court. We note at the outset that her contention that the sentence is illegal survives the waiver of her right to appeal (*see People v Seaberg*, 74 NY2d 1, 9 [1989]; *People v Cheatham*, 266 AD2d 875 [1999], *lv denied* 94 NY2d 917 [2000]), and that her contention that ASCJ Griffith presided unlawfully may be raised for the first time on appeal and is not precluded by her guilty plea (*see People v Rodriguez y Paz*, 58 NY2d 327, 336-337 [1983]). With respect to the merits of defendant's contention, defendant is correct that, in order to remove a criminal action from County Court to Supreme Court, the Uniform Rules for the New York State Trial Courts require that such removal be authorized by the Chief Administrator and that it occur prior to the entry of a plea or commencement of trial (*see* 22 NYCRR 200.14). Neither condition was met here, and thus ASCJ Griffith had no authority to preside over sentencing, rendering the sentence illegal. We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing. In light of our determination, we do not reach defendant's remaining contentions. Present—Centra, J.P., Carni, Lindley and Pine, JJ.