# SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**412**

**KA 06-01424**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                          MEMORANDUM AND ORDER

ANTHONY N. OTT, DEFENDANT-APPELLANT.

---

MULDOON & GETZ, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (LESLIE E. SWIFT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Stephen R. Sirkin, J.), rendered April 5, 2006. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence imposed for murder in the second degree under count one of the indictment and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for resentencing on that count of the indictment.

Memorandum: On appeal from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and assault in the first degree (§ 120.10 [1]), defendant contends that his case was improperly transferred between Supreme Court, Monroe County and Monroe County Court for hearing and trial purposes because there are no transfer orders in the record (see 22 NYCRR 200.14). Defendant failed to preserve that contention for our review (see CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Insofar as defendant contends that the matter was in fact pending in Supreme Court and that the Acting County Court Judge who presided over the suppression hearing lacked subject matter jurisdiction to do so, we conclude that defendant waived that contention. Although a contention that a judge lacks subject matter jurisdiction to preside over a matter may be raised for the first time on appeal (see *People v Correa*, 15 NY3d 213), "[g]iven that Supreme Court [and County Court] had the power to hear the case, the transfer error defendant alleges is the equivalent of an improper venue claim, which is not jurisdictional in nature and is waived if not timely raised . . . Because defendant did not object in the trial court to the (purported) transfer of [his] case to [County] Court, we may not

consider this . . . claim" (*People v Wilson*, 14 NY3d 895, 897). Contrary to defendant's contention, *People v Adams* (74 AD3d 1897) does not require a different result. There, the matter was transferred to a different judge in violation of, inter alia, the requirement set forth in 22 NYCRR 200.14 that the transfer must occur before the entry of the plea (*see id.* at 1899). Here, there was no postplea transfer, and thus "the 'essential nature' of the right to be sentenced as provided by law" was not implicated (*People v Fuller*, 57 NY2d 152, 156).

Because defendant on appeal raises a different ground for severance than that set forth in his pretrial motion for that relief, defendant failed to preserve for our review his present contention in support of severance (*see People v Hall*, 48 AD3d 1032, *lv denied* 11 NY3d 789; *People v Wooden*, 296 AD2d 865, *lv denied* 99 NY2d 541; *People v Reed*, 236 AD2d 866, *lv denied* 89 NY2d 1099). In any event, the record does not support defendant's present contention that the summation of his codefendant's attorney was inconsistent with his own defense and thus that "the core of each defense [was] in irreconcilable conflict with the other and [that] there [was] a significant danger, as both defenses [were] portrayed to the trial court, that the conflict alone would lead the jury to infer defendant's guilt" (*People v Mahboubian*, 74 NY2d 174, 184).

Contrary to the further contention of defendant, the trial judge did not violate Judiciary Law § 21 by allegedly issuing a decision on defendant's suppression motion without hearing the evidence in support of the motion. The Acting County Court Judge who presided over the *Wade* hearing expressly denied the codefendant's suppression motion but failed expressly to rule on defendant's suppression motion. It is well settled, however, that a court's failure to rule on a motion is deemed a denial thereof (*see e.g. People v Mason*, 305 AD2d 979, *lv denied* 100 NY2d 563; *People v Jackson*, 291 AD2d 930, *lv denied* 98 NY2d 677; *People v Virgil*, 269 AD2d 850, *lv denied* 95 NY2d 806). Consequently, defendant's suppression motion is deemed to have been denied by the Acting County Court Judge prior to the start of trial. Indeed, we note that the trial judge merely clarified that it was denied when he stated that he deemed the e-mail from the Acting County Court Judge denying the codefendant's motion to be a denial of defendant's motion as well.

We agree with defendant, however, that the sentence imposed on count one, charging him with murder in the second degree, must be vacated and the matter remitted for resentencing with respect to that count, "[b]ecause of the discrepancy between the sentencing minutes and the certificate of conviction" with respect to that count (*People v Ingram*, 263 AD2d 959, 960; *see People v Beard* [appeal No. 2], 41 AD3d 1251, *lv denied* 9 NY3d 920, 924; *People v Shand*, 280 AD2d 943, 944, *lv denied* 96 NY2d 834). We therefore modify the judgment accordingly, and we remit the matter to County Court for resentencing

on that count of the indictment.