# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**825**

**KA 10-01585**

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

JOHN DANIELS, DEFENDANT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered April 16, 2009. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.). Defendant was convicted in 1980 of, inter alia, rape in the first degree (Penal Law § 130.35 [1]) in Niagara County Court. The Judge who sentenced defendant thereafter retired, and the SORA hearing subsequently was conducted by an Acting Supreme Court Justice. Defendant failed to preserve for our review his contention that the transfer of the SORA hearing to Supreme Court was not authorized by 22 NYCRR 200.14 (*see generally People v Ott*, 83 AD3d 1495). In any event, section 200.14 has no application to a SORA risk level determination "inasmuch as [a] SORA determination is not part of the criminal action" (*People v Ayala*, 72 AD3d 1577, 1578, *lv denied* 15 NY3d 816). Defendant also failed to preserve for our review his contention that the SORA determination was not authorized inasmuch as it was not made by the "sentencing court," i.e., Niagara County Court (Correction Law § 168-n [2]). In any event, we note that SORA contemplates that risk level determinations may be made by a court other than the "sentencing court" (*see* Correction Law § 168-o [2], [3]). To the extent that defendant contends that Supreme Court lacked subject matter jurisdiction to preside over the SORA hearing, we conclude that defendant waived that contention. "Given that Supreme Court had the power to hear the case, the transfer error defendant alleges is the equivalent of an improper venue claim, which is not jurisdictional in nature and is waived if not timely raised" (*People v*

*Wilson*, 14 NY3d 895, 897; *see Ott*, 83 AD3d at 1496), and here defendant did not timely raise the alleged transfer error inasmuch as his contention is raised for the first time on appeal.

With respect to the merits, we agree with defendant that the People failed to prove by the requisite clear and convincing evidence that the rape victim was a stranger (*see generally* Correction Law § 168-n [3]), and thus that the court erred in assessing 20 points on the risk assessment instrument (RAI) for risk factor 7.  Reducing defendant's score on the RAI by 20 points, however, does not alter his presumptive risk level (*see People v Bove*, 52 AD3d 1124, 1125), and there is no indication in the record that defendant presented clear and convincing evidence of special circumstances warranting a downward departure or, indeed, that he even requested one (*see People v Ratcliff*, 53 AD3d 1110, *lv denied* 11 NY3d 708).  We therefore conclude that the court properly determined that he is a level three risk.

Entered:  July 1, 2011                          Patricia L. Morgan
                                                Clerk of the Court