People v Williams (2018 NY Slip Op 05090)





People v Williams


2018 NY Slip Op 05090


Decided on July 6, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND CURRAN, JJ.


599 KA 14-02214

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ISIAH WILLIAMS, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






ISIAH WILLIAMS, DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a resentence of the Supreme Court, Monroe County (Frederick G. Reed, A.J.), rendered December, 5, 2014. Defendant was resentenced upon his conviction of criminal possession of a forged instrument in the second degree (four counts) and criminal possession of stolen property in the fifth degree. 
It is hereby ORDERED that the resentence so appealed from is unanimously vacated on the law and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Defendant was convicted upon a jury verdict of four counts of criminal possession of a forged instrument in the second degree (Penal Law § 170.25) and one count of criminal possession of stolen property in the fifth degree (§ 165.40). On a prior appeal, we concluded, inter alia, that County Court erred in allowing defendant to proceed pro se at sentencing, and we therefore remitted the matter to that court for resentencing (People v Williams, 101 AD3d 1730, 1733-1734 [4th Dept 2012], lv denied 21 NY3d 1021 [2013]). Upon remittal, Supreme Court resentenced defendant.
As an initial matter, we note that, because defendant's notice of appeal is taken from the resentence only, his contentions with respect to the original judgment of conviction, including that the court erred in denying his CPL 330.30 motion and that he was denied a fair trial, are not properly raised on this appeal (see People v Coble, 17 AD3d 1165, 1165 [4th Dept 2005], lv denied 5 NY3d 787 [2005]).
We agree with defendant, however, that he was illegally resentenced in Supreme Court after his trial was conducted in County Court. It is well settled that "in order to remove a criminal action from County Court to Supreme Court, the Uniform Rules for the New York State Trial Courts require that such removal be authorized by the Chief Administrator and that it occur prior to the entry of a plea or commencement of trial" (People v Adams, 74 AD3d 1897, 1899 [4th Dept 2010]; see 22 NYCRR 200.14). Here, although the case was removed by the Chief Administrator, it did not occur prior to the commencement of trial. Thus, Supreme Court lacked authority to resentence defendant, thereby rendering the resentence illegal (see Adams, 74 AD3d at 1899). We therefore vacate the resentence, and we remit the matter to County Court for resentencing, following a persistent felony offender hearing.
We reject defendant's further contention that the prosecutor should have been disqualified from appearing at the persistent felony offender hearing because of his involvement with an alleged Brady violation. The scope of that hearing was limited to resentencing issues, which did not directly implicate any purported Brady violations. Thus, the prosecutor "did not serve[] as both a witness and an advocate' in violation of the advocate-witness rule" (People v Parker, 133 AD3d 1300, 1301 [4th Dept 2015], lv denied 27 NY3d 1154 [2016], reconsideration denied 28 NY3d 1030 [2016]). Further, the prosecutor did not inject his own credibility into the hearing in violation of the unsworn witness rule (see People v Paperno, 54 NY2d 294, 299-300 [*2][1981]).
In light of our determination, we do not reach defendant's remaining contentions.
Entered: July 6, 2018
Mark W. Bennett
Clerk of the Court