People v Ott (2018 NY Slip Op 06646)





People v Ott


2018 NY Slip Op 06646


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


943 KA 06-01424

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY N. OTT, DEFENDANT-APPELLANT. 






THOMAS THEOPHILOS, BUFFALO, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Stephen R. Sirkin, J.), rendered April 5, 2006. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.
Memorandum: On a prior appeal, we modified the judgment convicting defendant upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and assault in the first degree
(§ 120.10 [1]) by vacating the sentence in part, and we remitted the matter to County Court for resentencing (People v Ott, 83 AD3d 1495 [4th Dept 2011], lv denied 17 NY3d 808 [2011]). Thereafter, we affirmed the resentence (People v Ott, 126 AD3d 1372 [4th Dept 2015], lv denied 26 NY3d 1148 [2016]). We subsequently granted defendant's motion for a writ of error coram nobis on the ground that appellate counsel had failed to raise an issue on appeal that may have merit, i.e., whether the court erred when it failed to comply with CPL 310.30 in its handling of jury notes (People v Ott, 153 AD3d 1135 [4th Dept 2017]). Upon reviewing the appeal de novo, we agree with defendant that the judgment of conviction must be reversed and a new trial granted.
We agree with defendant that the court violated the core requirements of CPL 310.30 in failing to advise counsel on the record of the contents of a substantive jury note, and thereby committed reversible error (see People v Silva, 24 NY3d 294, 299-300 [2014], rearg denied 24 NY3d 1216 [2015]; People v O'Rama, 78 NY2d 270, 277-278 [1991]). The record establishes that, during its deliberations, the jury sent several notes, the first two of which are germane here. The first note requested that the jury be provided with a written copy of the court's legal instructions, and the second note requested, inter alia, a rereading of all of the court's legal instructions. The record reflects that the court informed the parties that the jury had sent several notes and indicated that the jury requested a rereading of the instructions, but the court did not mention the contents of the first note. Although the record establishes that " defense counsel was made aware of the existence of the [first] note, there is no indication that the entire contents of the note were shared with counsel' " (People v Morrison, — NY3d &mdash, &mdash, 2018 NY Slip Op 04777, *1 [2018]). We therefore "reject the People's argument that defense counsel's awareness of the existence and the gist' of the note satisfied the court's meaningful notice obligation, or that preservation was required. Where the record fails to show that defense counsel was apprised of the specific, substantive contents of the note—as it is in this case—preservation is not required' . . . Moreover, . . . [i]n the absence of record proof that the trial court complied with its [meaningful notice obligation] under CPL 310.30, a mode of proceedings error occurred requiring reversal' " (id.).
We therefore reverse the judgment of conviction and grant a new trial. We have [*2]considered defendant's further contentions and conclude that they do not require a different result.
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court