People v Ott (2021 NY Slip Op 07384)





People v Ott


2021 NY Slip Op 07384


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, BANNISTER, AND DEJOSEPH, JJ.


905 KA 19-01420

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY N. OTT, DEFENDANT-APPELLANT. 






WILLIAM CLAUSS, ROCHESTER, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered April 17, 2019. The judgment convicted defendant upon a jury verdict of murder in the second degree and assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and assault in the first degree (§ 120.10 [1]). We note by way of background that this matter has been before us on several occasions. On defendant's original appeal, we modified the judgment convicting him upon a jury verdict of these charges by vacating the sentence in part, and we remitted the matter to County Court for resentencing (People v Ott, 83 AD3d 1495 [4th Dept 2011], lv denied 17 NY3d 808 [2011]). Later, we affirmed the resentence (People v Ott, 126 AD3d 1372 [4th Dept 2015], lv denied 26 NY3d 1148 [2016]). Thereafter, however, we granted defendant's motion for a writ of error coram nobis on the ground that appellate counsel had failed to raise an issue on appeal that may have merit, i.e., whether the court erred when it failed to comply with CPL 310.30 in its handling of jury notes (People v Ott, 153 AD3d 1135 [4th Dept 2017]) and, upon reviewing the appeal de novo, we reversed the judgment of conviction and granted a new trial on that ground (People v Ott, 165 AD3d 1601 [4th Dept 2018]). The matter was transferred to Supreme Court, and defendant now appeals from the judgment convicting him after that retrial. We affirm.
We reject defendant's contention that the court erred in refusing to charge the jury on manslaughter in the first degree (Penal Law
§ 125.20 [1]) as a lesser included offense of murder in the second degree. It is well settled that a trial court " 'may, in addition to submitting the greatest offense which it is required to submit, submit in the alternative any lesser included offense if there is a reasonable view of the evidence which would support a finding that the defendant committed' the lesser but not the greater offense (CPL 300.50 [1]). It is undisputed that manslaughter in the first degree is a lesser included offense of second-degree murder within the meaning of CPL 1.20 (37), so 'the question simply is whether on any reasonable view of the evidence it is possible for the trier of the facts to acquit the defendant on the higher count and still find him guilty on the lesser one' " (People v Hull, 27 NY3d 1056, 1058 [2016]). Contrary to defendant's contention, no such reasonable view of the evidence is present here (see People v Boyer, 31 AD3d 1136, 1138 [4th Dept 2006], lv denied 7 NY3d 865 [2006]). Viewing the evidence " 'in the light most favorable to [the] defendant' " (People v Rivera, 23 NY3d 112, 121 [2014]), we conclude that there is no reasonable view of the evidence whereby defendant intended to cause serious physical injury to that victim but did not intend to cause his death when defendant inflicted the final stab wounds into the chest of the deceased victim, who was on the ground and not resisting. Defendant had already subdued the assault victim by stabbing him in the abdomen with such force that the victim's intestines were protruding from his torso. Defendant, the only person in the incident who was armed, then stabbed the deceased victim eight times, causing punctures to, inter alia, the [*2]victim's heart, right lung, colon, and pancreas. Given the ferocity of the attack, the number of possibly fatal wounds, and the way in which they were inflicted, we conclude that "no lesser-included offense instruction on . . . serious injury manslaughter intent . . . was warranted or compelled. The crime was intentional murder in the second degree or nothing" (People v Butler, 84 NY2d 627, 634 [1994], rearg denied 85 NY2d 858 [1995]; see People v Saalfield, 185 AD3d 723, 724 [2d Dept 2020], lv denied 35 NY3d 1096 [2020]; People v Vega, 68 AD3d 665, 665 [1st Dept 2009], lv denied 14 NY3d 806 [2010], cert denied 562 US 925 [2010]).
Defendant further contends that neither County nor Supreme Court ruled on that part of his omnibus motion seeking suppression of identification evidence. We determined that issue on defendant's original appeal (Ott, 83 AD3d at 1497), defendant could have raised that contention on his de novo prior appeal but failed to do so (see People v Licitra, 125 AD2d 592, 592 [2d Dept 1986]), and here he presents no new argument that would cause us to depart from our determination.
Contrary to defendant's contention, the admission in evidence of testimony that he declined to speak to a police investigator regarding the crimes does not require reversal because defendant opened the door to the challenged testimony. It is well settled "that statements taken in violation of Miranda v Arizona (384 US 436 [1966]) are admissible if a defendant opens the door by presenting conflicting testimony" (People v Reid, 19 NY3d 382, 388 [2012]). Here, because defense counsel's cross-examination of the investigator may have created a misimpression that the investigator did not fully investigate this incident because the investigator did not speak to defendant, the People were entitled to correct that misimpression on redirect examination (see People v Paul, 171 AD3d 1467, 1469 [4th Dept 2019], lv denied 33 NY3d 1107 [2019], reconsideration denied 34 NY3d 953 [2019], cert denied — US &mdash, 140 S Ct 1151 [2020]; People v Taylor, 134 AD3d 1165, 1169 [3d Dept 2015], lv denied 26 NY3d 1150 [2016]). Furthermore, we reject defendant's contention that defense counsel was ineffective for opening the door to that testimony. Defendant failed to demonstrate the absence of strategic or other legitimate explanations for that alleged deficiency (see generally People v Benevento, 91 NY2d 708, 712-713 [1998]). There also is no merit to defendant's remaining allegations of ineffective assistance of counsel (see generally People v Caban, 5 NY3d 143, 152 [2005]; Benevento, 91 NY2d at 713-714).
Contrary to defendant's further contention, he was not deprived of a fair trial when the prosecutor commented upon defendant exercising his right to remain silent. Insofar as the prosecutor improperly characterized defendant's silence as evidence of his consciousness of guilt (see generally People v Conyers, 52 NY2d 454, 457-460 [1981]), such impropriety was obviated when the court sustained defendant's objection to that comment and gave a curative instruction to the jury (see People v Simpson, 151 AD3d 762, 763 [2d Dept 2017], lv denied 30 NY3d 1063 [2017]; People v Davis, 163 AD2d 826, 827 [4th Dept 1990], lv denied 76 NY2d 939 [1990], reconsideration denied 76 NY2d 939 [1990]), and, in any event, such impropriety is harmless in light of the overwhelming evidence of defendant's guilt and the lack of any reasonable possibility that defendant otherwise would have been acquitted (see generally People v Crimmins, 36 NY2d 230, 237 [1975]).
Defendant's contention that the court erred in permitting a police officer to testify that eyewitnesses identified defendant during showup identification procedures lacks merit. It is well settled that "CPL 60.25 applies to a situation where the witness, due to lapse of time or change in appearance of the defendant, cannot make an in-court identification, but has on a previous occasion identified the defendant. Under such circumstances, any other witness may then establish that the defendant in court is the same person that the eyewitness identified on the previous occasion" (People v Nival, 33 NY2d 391, 394-395 [1974], appeal dismissed and cert denied 417 US 903 [1974]).
Defendant's contention that the sentence was a punishment for successfully appealing the first conviction (see People v Van Pelt, 76 NY2d 156, 159-163 [1990]), and his further contention that the sentence is vindictive, are not preserved for our review (see People v Olds, 36 NY3d 1091, 1092 [2021]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). The sentence is not unduly harsh or severe.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court