People v Newman (2021 NY Slip Op 07392)





People v Newman


2021 NY Slip Op 07392


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, TROUTMAN, AND BANNISTER, JJ.


921 KA 15-01502

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RYAN J. NEWMAN, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (HELEN SYME OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered May 27, 2015. The appeal was held by this Court by order entered April 24, 2020, decision was reserved and the matter was remitted to Monroe County Court for further proceedings (182 AD3d 1067 [4th Dept 2020]). The proceedings were held and completed. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of menacing a police officer or peace officer (Penal Law
§ 120.18) and one count of criminal trespass in the third degree
(§ 140.10 [a]). We previously held the case, reserved decision, and remitted the matter to County Court for a hearing on defendant's motion to set aside the verdict pursuant to CPL 330.30 (2) on the ground of misconduct during jury deliberations, which had been summarily denied by the court (People v Newman, 182 AD3d 1067 [4th Dept 2020]). Upon remittal, a hearing was held while the trial jurist was still a County Court Judge. Over a month-and-a-half later, after having been sworn in as Surrogate's Court Judge and while sitting as an Acting Supreme Court Justice, the jurist rendered a decision and order denying defendant's motion.
Defendant contends that the jurist, in his capacity as Acting Supreme Court Justice, lacked subject matter jurisdiction to render a decision and order on the CPL 330.30 motion that had been remitted to County Court. Contrary to defendant's contention, we conclude that he is not entitled to relief on jurisdictional grounds inasmuch as Supreme Court possesses concurrent subject matter jurisdiction to hear and decide a CPL 330.30 motion in a criminal proceeding (see generally NY Const, art VI, § 7 [a]; People v Correa, 15 NY3d 213, 228 [2010]).
Defendant further contends that the proceeding was improperly transferred from County Court to Supreme Court. We agree. Preliminarily, "[a]lthough a contention that a [jurist] lacks subject matter jurisdiction to preside over a matter may be raised for the first time on appeal . . . , '[g]iven that Supreme Court [and County Court] had the power to hear the [motion], the transfer error defendant alleges [here] is the equivalent of an improper venue claim, which is not jurisdictional in nature and is waived if not timely raised,' " i.e., that contention is subject to the preservation rule (People v Ott, 83 AD3d 1495, 1496 [4th Dept 2011], lv denied 17 NY3d 808 [2011], writ of error coram nobis granted on other grounds 153 AD3d 1135 [4th Dept 2017], quoting People v Wilson, 14 NY3d 895, 897 [2010]; see e.g. People v Morgan, 96 AD3d 1418, 1420 [4th Dept 2012], lv denied 20 NY3d 987 [2012]; People v Woodrow, 91 AD3d 1188, 1189 [3d Dept 2012], lv denied 18 NY3d 999 [2012]). Here, we conclude that defendant's contention is reviewable despite being raised for the first time on appeal following remittal because the sequence of events described above "deprived [defendant] of a practical ability to timely and meaningfully object" to the allegedly improper transfer of the proceeding from County Court to Supreme Court (People v Harris, 31 NY3d 1183, 1185 [2018]; see People v Hernandez, 193 [*2]AD3d 1413, 1414 [4th Dept 2021], lv denied 37 NY3d 972 [2021]; cf. People v Williams, 27 NY3d 212, 214 [2016]).
With respect to the merits, the record establishes that we remitted the matter to County Court for a hearing and determination on defendant's CPL 330.30 motion (Newman, 182 AD3d at 1069; see CPL 470.45), and that the hearing was properly held before the trial jurist in his capacity as County Court Judge. However, the proceeding was effectively transferred from County Court to Supreme Court when the jurist, in his capacity as Acting Supreme Court Justice, and no longer serving as a County Court Judge, rendered the decision and order on the motion (see People v Williams, 163 AD3d 1420, 1421 [4th Dept 2018]). That transfer was improper because there is no indication that it was authorized by the Chief Administrator and, moreover, the transfer occurred after the commencement of trial (see 22 NYCRR 200.14; Williams, 163 AD3d at 1421; People v Adams, 74 AD3d 1897, 1898-1899 [4th Dept 2010]). Additionally, even assuming, arguendo, that 22 NYCRR 200.14, by its terms, does not apply in the post-judgment posture of this case with the sentence having remained intact (cf. Williams, 163 AD3d at 1420-1421), we conclude that the rule then fails to provide the requisite legal basis for Supreme Court to have transferred this proceeding to itself (see NY Const, art VI,
§ 19 [a]; 22 NYCRR 200.14 [a]) or for County Court to have transferred the proceeding to Supreme Court (see 22 NYCRR 200.14 [b]; see generally William C. Donnino, Practice Commentary, McKinney's Cons Laws of NY, CPL 230.10). We thus conclude that the proceeding was improperly transferred from County Court to Supreme Court.
With respect to the appropriate remedy, although remittal is required, we reject defendant's contention that he is entitled to a new hearing. The jurist properly conducted the hearing as a County Court Judge in conformance with our remittal to County Court. Defendant was thus provided a full and fair opportunity to produce witnesses and litigate the merits of his CPL 330.30 motion at the hearing. The procedural error of transferring the proceeding to Supreme Court, which occurred after the hearing was properly conducted in County Court, is the sole reason that remittal is required again. Under these circumstances, we remit the matter to County Court to rule on the motion based on the evidence presented at the hearing (see People v Gambale, 150 AD3d 1667, 1670 [4th Dept 2017]; People v Rainey, 110 AD3d 1464, 1466 [4th Dept 2013]; see generally Judiciary Law § 21; People v Hampton, 21 NY3d 277, 279 [2013]).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court