People v Newman (2023 NY Slip Op 01621)

People v Newman

2023 NY Slip Op 01621

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, AND OGDEN, JJ.

238 KA 15-01502

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RYAN J. NEWMAN, DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered May 27, 2015. The appeal was held by this Court by order entered December 23, 2021, decision was reserved and the matter was remitted to Monroe County Court for further proceedings (200 AD3d 1656 [4th Dept 2021]). The proceedings were held and completed (Meredith A. Vacca). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of criminal trespass in the third degree under count three of the indictment and dismissing that count, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of menacing a police officer or peace officer (Penal Law § 120.18) and one count of criminal trespass in the third degree (§ 140.10 [a]). We previously held the case, reserved decision, and remitted the matter to County Court for a hearing on defendant's motion to set aside the verdict pursuant to CPL 330.30 (2) on the ground of misconduct during jury deliberations, which had been summarily denied by the court (People v Newman, 182 AD3d 1067 [4th Dept 2020]). Upon remittal, the court conducted a hearing, but the jurist did not render a decision and order denying the motion until after he had begun sitting as an Acting Supreme Court Justice, thereby effectively transferring the proceeding to Supreme Court. Upon resubmission, we therefore again held the case, reserved decision, and remitted the matter to County Court to rule on defendant's motion based on the evidence presented at the hearing that was conducted following the first remittal (People v Newman, 200 AD3d 1656 [4th Dept 2021]). Upon remittal, the court denied defendant's motion.
Contrary to defendant's contention, the court did not err in denying his motion to set aside the verdict on the ground of juror misconduct. CPL 330.30 (2) provides that a verdict may be set aside on the ground "[t]hat during the trial there occurred, out of the presence of the court, improper conduct by a juror, . . . which may have affected a substantial right of the defendant and which was not known to the defendant prior to the rendition of the verdict." Upon a hearing on a CPL 330.30 motion, "the defendant has the burden of proving by a preponderance of the evidence every fact essential to support the motion" (CPL 330.40 [2] [g]). At the hearing on defendant's motion, defendant relied entirely on inadmissible
out-of-court statements, the trustworthiness and reliability of which "were not confirmed by sufficient competent evidence independent of the statement[s]" (People v Wallace, 270 AD2d 823, 824 [4th Dept 2000], lv denied 95 NY2d 806 [2000]). We reject defendant's contention that due process required that the court admit hearsay evidence at the hearing. Even assuming, arguendo, that the due process exception applies in the context of a motion to set aside the verdict, we conclude that defendant failed to establish, as required to invoke that exception (see People v Burns, 6 NY3d 793, 795 [2006]), that the jurors were unavailable to testify.
To the extent that it is preserved for our review (see generally People v Gray, 86 NY2d 10, 19 [1995]), we reject defendant's contention that the evidence is not legally sufficient to support the conviction of two counts of menacing a police officer or peace officer (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Moreover, viewing the evidence in light of the elements of the crime of menacing a police officer or peace officer as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to those counts is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Although a different verdict would not have been unreasonable, it cannot be said that the jury "failed to give the evidence the weight it should be accorded" (id.; see People v Kalinowski, 118 AD3d 1434, 1436 [4th Dept 2014], lv denied 23 NY3d 1064 [2014]).
We agree with defendant, however, that the court erred in granting the People's request to charge criminal trespass in the third degree as a lesser included offense of burglary in the third degree. "To establish that a count is a lesser included offense in accordance with CPL 1.20 (37), a [party] must establish 'that it is theoretically impossible to commit the greater crime without at the same time committing the lesser' " (People v Repanti, 24 NY3d 706, 710 [2015], quoting People v Glover, 57 NY2d 61, 64 [1982]). As charged here, "[a] person is guilty of criminal trespass in the third degree when he knowingly enters or remains unlawfully in a building or upon real property (a) which is fenced or otherwise enclosed in a manner designed to exclude intruders" (Penal Law § 140.10 [a]). The plain language of that statute "clearly requires that both buildings and real property be fenced or otherwise enclosed in order to increase the level of culpability from trespass . . . to criminal trespass in the third degree" (People v Moore, 5 NY3d 725, 726-727 [2005]). Inasmuch as that requirement is not an element of burglary in the third degree (see § 140.20), it is theoretically possible to commit burglary in the third degree without committing criminal trespass in the third degree under section 140.10 (a), and thus "a violation of that section cannot qualify as a lesser included offense of third-degree burglary" (People v Santiago, 143 AD3d 545, 546 [1st Dept 2016], lv denied 28 NY3d 1127 [2016]; see People v Ocasio, 167 AD3d 412, 413 [1st Dept 2018], lv denied 32 NY3d 1208 [2019]). We therefore modify the judgment by reversing that part convicting defendant of criminal trespass in the third degree and dismissing count three of the indictment.
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court