[897 NE2d 1050, 868 NYS2d 569]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIE SMITH, Appellant.

Argued September 4, 2008; decided October 16, 2008

### APPEARANCES OF COUNSEL

*Legal Aid Society of Suffolk, Inc., Appeals Bureau,* Riverhead (*Robert C. Mitchell* and *James H. Miller, III,* of counsel), for appellant.

*Thomas J. Spota, District Attorney,* Riverhead (*Michael J. Miller* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, without costs, and the case remitted to County Court for further proceedings in accordance with this memorandum.

Defendant pleaded guilty to one count of rape in the third degree (Penal Law § 130.25 [2]) after admitting that he was 31 years old when he engaged in sexual intercourse with the

16-year-old victim. At a subsequent hearing held pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C), defendant conceded that the risk assessment instrument properly imposed 70 points, the maximum point total for presumptive risk level one sex offender status. His classification turned on whether he should receive additional points under risk factor 7 on the basis that his crime "was directed at a stranger or a person with whom a relationship had been established or promoted for the primary purpose of victimization" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 12 [2006]). County Court assessed 20 points under this risk factor, thereby designating defendant a level two sex offender, and the Appellate Division affirmed.

Correction Law § 168-n (3) requires the sentencing court to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based." In reaching its decision, which must be based on clear and convincing evidence, the judge "shall review any victim's statement and any relevant materials and evidence submitted by the sex offender and the district attorney and the recommendation and any materials submitted by the board, and may consider reliable hearsay evidence submitted by either party, provided that it is relevant to the determinations" (Correction Law § 168-n [3]).

Here, County Court did not adequately set forth the findings of fact and conclusions of law on which it based its decision to assess defendant 20 points under the risk factor pertaining to defendant's relationship with the victim—the evidence upon which the court found that the victim was a stranger or determined that defendant had "established or promoted" the relationship for the primary purpose of victimization. We therefore remit this case to County Court to specify its findings of fact and conclusions of law (*see People v Kraeger*, 27 AD3d 1160 [4th Dept 2006]; *People v Marr*, 20 AD3d 692 [3d Dept 2005]; *see also Matter of Jose L.I.*, 46 NY2d 1024 [1979]).

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order reversed, etc.