■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL FLAX, Appellant. [896 NYS2d 560]—

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered January 23, 2009. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Defendant was presumptively classified as a level one risk based on the risk assessment instrument (RAI), but the Board of Examiners of Sex Offenders (Board) recommended an upward departure to a level three risk for the reasons set forth in the case summary. We agree with defendant that Supreme Court failed to comply with Correction Law § 168-n (3) inasmuch as the court did not set forth the findings of fact and conclusions of law on which it based its determination (*see People v Leopold*, 13 NY3d 923 [2010]; *People v Smith*, 11 NY3d

797, 798 [2008]). Although the court stated that it was "accept-[ing] the findings contained in the [RAI] and the [c]ase [s]ummary," it failed to explain why it assessed defendant at a lower risk level than that recommended by the Board and requested by the People, nor did the court explain the reasons for its determination that an upward departure from the presumptive risk level was warranted (see People v Cullen, 53 AD3d 1105 [2008]; People v Miranda, 24 AD3d 909, 910-911 [2005]). We note in any event that the case summary fails to specify which statements therein are findings of fact rather than mere allegations, and it provides few details concerning defendant's previous purported sex offenses.

Inasmuch as the failure of the court to set forth the findings of fact and conclusions of law on which it based its decision "preclud[es] meaningful appellate review of the propriety of the court's risk level assessment" (Miranda, 24 AD3d at 911; see People v Sanchez, 20 AD3d 693, 695 [2005]), we reverse the order and remit the matter to Supreme Court for compliance with Correction Law § 168-n (3) (see Smith, 11 NY3d 797, 798 [2008]). Present—Smith, J.P., Fahey, Carni, Lindley and Sconiers, JJ.