■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL GILBERT, Appellant. [910 NYS2d 808]—

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered February 27, 2009. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). We agree with defendant that Supreme Court failed to comply with Correction Law § 168-n (3), pursuant to which it was required to set forth the findings of fact and conclusions of law upon which it based its determination. "[T]he court merely recited in conclusory fashion that it reviewed all the relevant information presented by the parties and accepted the findings contained in the risk assessment instrument [RAI] and the case summary, and that recitation was insufficient to fulfill the statutory mandate" (*People v Hubel*, 70 AD3d 1492, 1493-1494 [2010]). "[W]e nevertheless conclude that the record before us is sufficient to enable us to make our own findings of fact and conclusions of law, thus rendering remittal unnecessary" (*People v Urbanski*, 74 AD3d 1882, 1883 [2010], *lv denied* 15 NY3d 707 [2010]).

Based on the evidence in the record before us, including the case summary and the RAI, we make the following findings of fact. With respect to the underlying offense, we find that defendant followed the victim, with whom he was acquainted, into her apartment. He assaulted her while she held her seven-

month-old child in her arms and then raped her while threatening her and her children with injury and death. He pleaded guilty to attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]), and was sentenced to a term of imprisonment. In addition, defendant engaged in acts of sexual intercourse with a 15-year-old girl when he was 20 years old. Based on those acts, he pleaded guilty to sexual abuse in the first degree (§ 130.65 [1]), and he was sentenced to probation. We further find that defendant was unsuccessfully discharged from his term of probation based on, inter alia, his continued use of marijuana and cocaine and his failure to attend substance abuse counseling.

Defendant does not challenge the assessment of 90 points against him based upon the factors set forth in the RAI. In any event, we conclude that the People established by clear and convincing evidence that defendant should be assessed 10 points for using forcible compulsion under risk factor 1, 25 points for engaging in sexual intercourse, oral or anal sexual intercourse or aggravated sexual abuse under risk factor 2, 10 points for being 20 years old or less at the time of the first act of sexual misconduct under risk factor 8, 30 points for having a prior violent felony under risk factor 9, and 15 points for having a history of drug or alcohol abuse pursuant to risk factor 11. Contrary to defendant's contention, we also conclude that "[t]he People established, by clear and convincing evidence[, i.e., the certificate of conviction], that the defendant was previously convicted of a felony sex crime . . . and was presumptively a level three sex offender by application of automatic override number one, which deals with a prior felony conviction for a sex crime" (*People v King*, 74 AD3d 1162, 1163 [2010]; *see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 3-4, 19 [2006]; *People v McClelland*, 38 AD3d 1274 [2007]). Furthermore, the case summary also established defendant's prior felony conviction for a sex crime. "[E]vidence included in the case summary may provide clear and convincing evidence in determining a defendant's risk assessment level where[, as here, the] defendant did not dispute its contents insofar as relevant" (*People v Wasley*, 73 AD3d 1400, 1401 [2010]).

Contrary to the further contention of defendant, his prior conviction "may be used as both an override factor and a basis upon which to add 30 points for risk factor 9 on the [RAI]" (*People v Barrier*, 58 AD3d 1086, 1087 [2009], *lv denied* 12 NY3d 707 [2009]). Defendant failed to preserve for our review his contention that he was entitled to a downward departure from

his presumptive risk level (*see People v Ratcliff*, 53 AD3d 1110 [2008], *lv denied* 11 NY3d 708 [2008]; *People v Regan*, 46 AD3d 1434 [2007]). In any event, we conclude that defendant's multiple convictions of sexual crimes constitute "compelling evidence that [defendant] poses a serious risk to public safety" (Risk Assessment Guidelines and Commentary, at 4), and thus a downward departure from the presumptive risk level is not warranted. We have considered defendant's remaining contention and conclude that it is without merit. Present—Scudder, P.J., Smith, Carni, Lindley and Green, JJ.