# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

989

KA 10-00828

PRESENT: SCUDDER, P.J., SMITH, LINDLEY, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

MICHAEL CAMERON, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered November 25, 2009. The judgment convicted defendant, upon his plea of guilty, of rape in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by providing that the order of protection shall expire on August 24, 2017 and as modified the judgment is affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of rape in the third degree (Penal Law § 130.25 [3]). Defendant correctly contends that the waiver of the right to appeal does not encompass his contention that County Court erred in setting the expiration date of the order of protection from the date of sentencing rather than the date of conviction (*see People v Cambridge*, 55 AD3d 1381). Although defendant failed to preserve that contention for our review (*see* CPL 470.05 [2]), we nevertheless exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), and we modify the judgment by providing that the order of protection shall expire on August 24, 2017 (*see* CPL 530.13 [former (4) (i)]; *see generally Cambridge*, 55 AD3d 1381).

In appeal No. 2, defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Because the court made only general and conclusory findings of fact and conclusions of law, we are unable to conduct a meaningful review of the risk level assessment, particularly with respect to the court's assessment of 15 points for the failure of defendant to accept responsibility for his actions (*see People v Leopold*, 13 NY3d 923; *People v Smith*, 11 NY3d 797, 798;

*People v Flax*, 71 AD3d 1451).  We therefore reverse the order and remit the matter to County Court for compliance with Correction Law § 168-n (3) (*see Flax*, 71 AD3d 1451).

Entered:  September 30, 2011                    Patricia L. Morgan
                                                Clerk of the Court