■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRENTON L. IVERSON, Appellant. [936 NYS2d 408]—

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). Defendant was previously classified a level one risk pursuant to SORA, and he contends that the People were required to file a petition seeking modification of his risk level pursuant to Correction Law § 168-*o* (3). Defendant failed to preserve that contention for our review (*see generally People v Windham*, 10 NY3d 801 [2008]; *People v Charache*, 9 NY3d 829, 830 [2007]; *People v Daniels*, 86 AD3d 921, 922 [2011], *lv denied* 17 NY3d 715 [2011]) and, in any event, that contention is without merit. Correction Law § 168-*o* (3) does not require the filing of a petition to modify the classification of a sex offender convicted of a new qualifying sex offense (*see* § 168-a [2] [a]).

Defendant was assessed 115 points based upon the factors set forth in the risk assessment instrument (RAI), presumptively classifying him as a level three risk (*see generally* Correction Law § 168-*l* [5], [6]). Contrary to the contention of defendant, his prior felony conviction for a sex offense, i.e., rape in the third degree (Penal Law § 130.25 [2]), " 'may be used as both an override factor and a basis upon which to add 30 points for risk factor 9 on the [RAI]' " (*People v Gilbert*, 78 AD3d 1584, 1585 [2010], *lv denied* 16 NY3d 704 [2011]; *see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 13-14 [2006]). We further conclude that County Court's alternative application of the presumptive override for a prior sex felony conviction to classify defendant a level three risk was warranted (*see* Risk Assessment Guidelines and Commentary, at 3-4; *People v Ratcliff*, 53 AD3d 1110 [2008], *lv denied* 11 NY3d 708 [2008]).

Defendant failed to preserve for our review his contention that he was entitled to a downward departure from his presumptive risk level on the ground that both the present and prior sex offenses were nonviolent (*see Gilbert*, 78 AD3d at 1585-1586; *Ratcliff*, 53 AD3d 1110). In any event, "defendant's multiple convictions of sexual crimes constitute 'compelling evidence that [he] poses a serious risk to public safety' . . . , and thus a downward departure from the presumptive risk level is not warranted" (*Gilbert*, 78 AD3d at 1586). Present—Smith, J.P., Fahey, Carni, Sconiers and Gorski, JJ.