# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1395

KA 10-00827

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

TRENTON L. IVERSON, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Monroe County Court (Frank P. Geraci, Jr., J.), entered January 29, 2010. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.). Defendant was previously classified a level one risk pursuant to SORA, and he contends that the People were required to file a petition seeking modification of his risk level pursuant to Correction Law § 168-*o* (3). Defendant failed to preserve that contention for our review (*see generally People v Windham*, 10 NY3d 801; *People v Charache*, 9 NY3d 829, 830; *People v Daniels*, 86 AD3d 921, 922, *lv denied* 17 NY3d 715) and, in any event, that contention is without merit. Correction Law § 168-*o* (3) does not require the filing of a petition to modify the classification of a sex offender convicted of a new qualifying sex offense (*see* § 168-a [2] [a]).

Defendant was assessed 115 points based upon the factors set forth in the risk assessment instrument (RAI), presumptively classifying him as a level three risk (*see generally* Correction Law § 168-*l* [5], [6]). Contrary to the contention of defendant, his prior felony conviction for a sex offense, i.e., rape in the third degree (Penal Law § 130.25 [2]), " 'may be used as both an override factor and a basis upon which to add 30 points for risk factor 9 on the [RAI]' " (*People v Gilbert*, 78 AD3d 1584, 1585, *lv denied* 16 NY3d 704; *see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 13-14 [2006]). We further conclude that County Court's

alternative application of the presumptive override for a prior sex felony conviction to classify defendant a level three risk was warranted (*see* Risk Assessment Guidelines and Commentary, at 3-4; *People v Ratcliff*, 53 AD3d 1110, *lv denied* 11 NY3d 708).

Defendant failed to preserve for our review his contention that he was entitled to a downward departure from his presumptive risk level on the ground that both the present and prior sex offenses were nonviolent (*see Gilbert*, 78 AD3d at 1585-1586; *Ratcliff*, 53 AD3d 1110).  In any event, "defendant's multiple convictions of sexual crimes constitute 'compelling evidence that [he] poses a serious risk to public safety' . . ., and thus a downward departure from the presumptive risk level is not warranted" (*Gilbert*, 78 AD3d at 1586).

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court