# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1402**

**KA 10-01131**

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

CHRISTOPHER KALB, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered April 14, 2010. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, criminal possession of a weapon in the third degree, criminal contempt in the first degree and intimidating a victim or witness in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by providing that the order of protection shall expire on March 9, 2029, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]). Defendant contends that County Court's handling of a jury note violated the requirements set forth in CPL 310.30 and *People v O'Rama* (78 NY2d 270), inasmuch as he was denied the opportunity to have meaningful input or time to fashion an appropriate response to the note. We conclude that defendant failed to preserve his contention for our review. The record establishes that defendant, defense counsel and the prosecutor knew the contents of the brief note, which only requested additional instructions on the elements of the charged offenses. Further, it is apparent from the record that defendant and defense counsel were present throughout the proceedings and that no objection or request was made with respect to the content of the note or the manner in which the court responded to it. Thus, unlike *O'Rama* (78 NY2d at 278-279), this is not a case where there was "a failure to provide [defense] counsel with meaningful notice of the contents of the jury note or an opportunity to respond" (*People v Kadarko*, 14 NY3d 426, 429), and defendant therefore was required to preserve his contention for our review (*see People v Starling*, 85 NY2d 509, 516).

Defendant further contends that the court erred in fixing the duration of the order of protection.  Although defendant failed to preserve that contention for our review (*see People v Nieves*, 2 NY3d 310, 315-317), we nevertheless exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  The court sentenced defendant to a determinate term of imprisonment of 12 years for burglary in the second degree and to indeterminate terms of imprisonment of 2 to 4 years for criminal contempt in the first degree (Penal Law § 215.51 [b] [iii]) and intimidating a victim or witness in the third degree (§ 215.15 [1]).  The order of protection expires on March 9, 2033, which is eight years after the expiration of the determinate sentence and the indeterminate sentences, which were to run concurrently to each other and consecutively to the determinate sentence.  The version of CPL 530.13 (4) (A) (ii) in effect at the time the judgment was rendered provided that the duration of an order of protection entered with respect to a felony conviction shall not exceed "eight years from the date of the expiration of the maximum term of *an* indeterminate *or* the term of *a* determinate sentence of imprisonment actually imposed . . . " (emphasis added).  Thus, the statute permits the order of protection to run, at most, eight years from the end of the term of the longest sentence imposed for the counts upon which the order of protection was based, i.e., the determinate term imposed for the burglary count (*see People v Jackson*, 85 AD3d 1697, 1699, *lv denied* 17 NY3d 817).  We therefore modify the judgment by providing that the order of protection shall expire on March 9, 2029 (*see People v Cameron*, 87 AD3d 1366).

Defendant failed to preserve for our review his contentions concerning an exhibit that was inadvertently provided to the jury, one of his statements that was not included in the People's CPL 710.30 notice and alleged prosecutorial misconduct (*see* CPL 470.05 [2]).  We decline to exercise our power to review them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  We have reviewed defendant's remaining contentions and conclude that they are without merit.

Entered:  January 31, 2012                    Frances E. Cafarell
                                              Clerk of the Court