# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

640

KA 12-00605

PRESENT: CENTRA, J.P., FAHEY, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                       MEMORANDUM AND ORDER

DWIGHT MOSS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Frank P. Geraci, Jr., A.J.), entered March 5, 2012. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that defendant is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.), defendant contends that Supreme Court violated Correction Law § 168-n (3) by making an upward departure from the presumptive risk level without requiring the People to provide him with prior notice of their intent to seek such a departure. We reject that contention. The Risk Assessment Instrument (RAI) prepared by the Board of Examiners of Sex Offenders assigned defendant 115 points, rendering him a presumptive level three risk. At the SORA hearing, the court agreed with defendant that he was incorrectly assessed 10 points for the recency of his prior offense, and thus the court reduced his RAI score by that amount, which placed him at the high end of the range for a presumptive level two risk. The court, however, properly concluded that, because defendant had convictions for two prior sex offenses, he is nevertheless a level three risk based on the presumptive override for a prior felony conviction of a sex crime (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006]; *People v Barnes*, 34 AD3d 1227, 1227-1228, *lv denied* 8 NY3d 803; *see also People v Iverson*, 90 AD3d 1561, 1562, *lv denied* 18 NY3d 811). Defendant's reliance on the relevant notice provisions in Correction Law § 168-n (3) is misplaced inasmuch as the People did not

seek an upward departure.

Entered:  June 14, 2013                          Frances E. Cafarell
                                                 Clerk of the Court