People v Varvaro (2019 NY Slip Op 02732)





People v Varvaro


2019 NY Slip Op 02732


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2016-12546

[*1]People of State of New York, respondent,
v
Kevin Varvaro, appellant.


N. Scott Banks, Hempstead, NY (Tammy Feman and Gianpaolo Ciocco of counsel), for appellant.
Madeline Singas, District Attorney, Mineola, NY (Yael V. Levy and Rebecca L. Abensur of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Robert A. McDonald, J.), dated November 2, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In June 2015, the defendant was convicted, upon his plea of guilty, of attempted sexual abuse in the first degree. In November 2016, the Supreme Court conducted a risk level determination hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). The defendant's point total on the Risk Assessment Instrument (hereinafter RAI) was in the range for a presumptive designation as a level two sex offender, but, because of the defendant's prior conviction for a felony sex offense, a mandatory override resulted in a presumptive designation as a level three sex offender (see SORA: Risk Assessment Guidelines and Commentary at 3-4, Overrides [1] [2006] [hereinafter Guidelines]). The defendant requested that the court downwardly depart from the presumptive risk level, but the court rejected the defendant's request and designated him a level three sex offender. The defendant appeals.
Contrary to the defendant's contention, the People proved by clear and convincing evidence that he had a prior conviction for a felony sex offense (see People v Gilbert, 78 AD3d 1584, 1585). Accordingly, we agree with the Supreme Court's application of the mandatory override, resulting, presumptively, in a level three designation (see id.; Guidelines at 3-4, Overrrides [1]).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; People v Jonas, 168 AD3d 775; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor, or factors, to determine whether the totality of the [*2]circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Jonas, 168 AD3d at 775).
Here, as the defendant contends, the Supreme Court should not have applied a "clear and convincing" standard to the defendant's application for a downward departure, but the record is sufficient for this Court to make its own findings of fact and conclusions of law (see People v Ramirez, 163 AD3d 1012, 1012). The defendant failed to establish by a preponderance of the evidence the existence in this case of factors that bear on likelihood of reoffense or danger to the community in the event of reoffense and which were not adequately taken into account by the RAI. Specifically, the defendant failed to establish that his response to treatment and efforts at rehabilitation were of such degree as to constitute a legitimate mitigating factor (see People v Washington, 84 AD3d 910, 911). The defendant's other proffered mitigating factor was irrelevant to his likelihood of reoffense or danger to the community in the event of reoffense. Thus, the court did not have discretion to downwardly depart from the presumptive risk level (see People v Ramirez, 163 AD3d at 1012-1013).
In light of the mandatory override, the defendant's contentions regarding the point assessments on the RAI need not be addressed. We have not considered evidence dehors the record contained in the respondent's brief.
Accordingly, we agree with the Supreme Court's determination designating the defendant a level three sex offender.
BALKIN, J.P., CHAMBERS, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court