People v Uerkvitz (2019 NY Slip Op 03179)





People v Uerkvitz


2019 NY Slip Op 03179


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, NEMOYER, AND CURRAN, JJ.


291 KA 17-01782

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSHUA A. UERKVITZ, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Victoria M. Argento, J.), entered June 6, 2017. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant appeals from an order, inter alia, classifying him as a level three risk after his conviction of a federal sex offense arising from his possession and attempted possession of child pornography (see 18 USC § 2252A [a] [5] [B]; [b] [2]). Contrary to defendant's contention, County Court did not abuse its discretion in denying his request for a downward departure to a level two risk. We conclude that defendant "failed to establish by a preponderance of the evidence the existence of mitigating factors not adequately taken into account by the guidelines" (People v Lewis, 156 AD3d 1431, 1432 [4th Dept 2017], lv denied 31 NY3d 904 [2018]; see People v Gillotti, 23 NY3d 841, 861 [2014]).
Moreover, even assuming, arguendo, that defendant established facts that might warrant a downward departure from his presumptive risk level, we conclude upon examining all of the relevant circumstances, including defendant's previous conviction for sexual abuse in the first degree (Penal Law § 130.65 [3]) and the fact that defendant committed the present offense while under probation supervision for that prior offense, that the court providently exercised its discretion in denying defendant's request for a downward departure (see People v Villafane, 168 AD3d 408, 408 [1st Dept 2019]; People v Iverson, 90 AD3d 1561, 1562 [4th Dept 2011], lv denied 18 NY3d 811 [2012]; see also People v Smith, 122 AD3d 1325, 1326 [4th Dept 2014]).
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court