People v Gatling (2020 NY Slip Op 06921)





People v Gatling


2020 NY Slip Op 06921


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


1078 KA 19-02224

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARK GATLING, DEFENDANT-APPELLANT. 






ANDREW D. CORREIA, PUBLIC DEFENDER, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Wayne County Court (Richard M. Healy, J.), dated October 16, 2019. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Wayne County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). As defendant correctly contends and contrary to the People's contention, County Court failed to comply with Correction Law § 168-n (3), pursuant to which the court was required to set forth the findings of fact and conclusions of law upon which it based its determination. The standardized form order—which the court merely read into the record when rendering its oral decision—indicated without elaboration that the court was entirely adopting the case summary and risk assessment instrument prepared by the Board of Examiners of Sex Offenders, listed the risk factor point assessments contained therein, and denied in conclusory fashion defendant's request for a downward departure. That was inadequate to fulfill the statutory mandate (see People v Dean, 169 AD3d 1414, 1415 [4th Dept 2019]; People v Cullen, 53 AD3d 1105, 1106 [4th Dept 2008]; People v Marr, 20 AD3d 692, 693 [3d Dept 2005]; see generally People v Smith, 11 NY3d 797, 798 [2008]). We therefore hold the case, reserve decision, and remit the matter to County Court for compliance with Correction Law § 168-n (3).
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court