People v Delles (2021 NY Slip Op 03711)





People v Delles


2021 NY Slip Op 03711


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


471 KA 19-02122

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TYLER D. DELLES, DEFENDANT-APPELLANT. 






CAITLIN M. CONNELLY, BUFFALO, FOR DEFENDANT-APPELLANT. 
LEANNE K. MOSER, DISTRICT ATTORNEY, LOWVILLE, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Lewis County Court (Daniel R. King, J.), dated September 19, 2019. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Lewis County Court for further proceedings in accordance with the following memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that County Court failed to comply with Correction Law § 168-n (3), pursuant to which the court was required to set forth the findings of fact and conclusions of law on which it based its determination. We agree. The record does not demonstrate that the court considered any recommendation by the Board of Examiners of Sex Offenders, as required by Correction Law § 168-l (6), if in fact such a recommendation was made. The standardized form order merely lists the court's risk factor point assessments, identifies without elaboration the factors supporting an upward departure, and denies in conclusory fashion defendant's request for a downward departure. That is plainly inadequate to fulfill the statutory mandate (see People v Gatling, 188 AD3d 1765, 1765 [4th Dept 2020]; People v Gilbert, 78 AD3d 1584, 1584 [4th Dept 2010], lv denied 16 NY3d 704 [2011]). We therefore hold the case, reserve decision, and remit the matter to County Court for compliance with Correction Law § 168-n (3).
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court