People v Smith (2021 NY Slip Op 06284)





People v Smith


2021 NY Slip Op 06284


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, WINSLOW, AND BANNISTER, JJ.


939 KA 20-01377

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WESLEY A. SMITH, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Michael L. Dollinger, J.), entered September 25, 2020. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that County Court erred in failing to grant a downward departure from his presumptive classification as a level two risk. Contrary to defendant's contention, "the remoteness of his prior felony conviction is adequately taken into account by the risk assessment instrument and therefore is not, as a matter of law, a mitigating factor to be considered by the court in departing from the presumptive risk level" (People v Jewell, 119 AD3d 1446, 1448-1449 [4th Dept 2014], lv denied 24 NY3d 905 [2014]; see People v Sofo, 168 AD3d 891, 892 [2d Dept 2019], lv denied 33 NY3d 905 [2019]; see generally People v Gillotti, 23 NY3d 841, 861 [2014]). Defendant's further contention regarding the merits of his request for a downward departure is not preserved for our review because defendant did not advance the ground underlying that specific contention during the SORA hearing (see People v Burgess, 191 AD3d 1256, 1256-1257 [4th Dept 2021]; People v Iverson, 90 AD3d 1561, 1562 [4th Dept 2011], lv denied 18 NY3d 811 [2012]).
We have reviewed defendant's remaining contention and conclude that it does not warrant reversal or modification of the order.
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court