People v Johnson (2022 NY Slip Op 00773)





People v Johnson


2022 NY Slip Op 00773


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, WINSLOW, AND BANNISTER, JJ.


940 KA 19-02144

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
VIRGIL JOHNSON, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLYSON L. KEHL-WIERZBOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Ontario County Court (Frederick G. Reed, A.J.), dated June 11, 2019. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). Contrary to defendant's contention, County Court, despite a misstatement of facts in its written decision, issued "an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based"
(§ 168-n [3]; see People v Smith, 11 NY3d 797, 798 [2008]; People v Young, 108 AD3d 1232, 1233 [4th Dept 2013], lv denied 22 NY3d 853 [2013], rearg denied 22 NY3d 1036 [2013]; cf. People v Flax, 71 AD3d 1451, 1452 [4th Dept 2010]). Moreover, even if we were to conclude that "the court failed to set forth its findings of fact and conclusions of law, remittal is unnecessary where, as here, the record is sufficient to enable us to make our own findings of fact and conclusions of law" (Young, 108 AD3d at 1233; see People v Gilbert, 78 AD3d 1584, 1584 [4th Dept 2010], lv denied 16 NY3d 704 [2011]).
We also reject defendant's further contention that the court abused or improvidently exercised its discretion in granting the People's request for an upward departure to risk level two. The People established by clear and convincing evidence the existence of an aggravating factor that, " 'as a matter of law, . . . tend[s] to establish a higher likelihood of reoffense or danger to the community' " (People v Moore, 130 AD3d 1498, 1498 [4th Dept 2015]) and is "of a kind, or to a degree, not otherwise adequately taken into account by the [risk assessment] guidelines" (People v Abraham, 39 AD3d 1208, 1209 [4th Dept 2007] [internal quotation marks omitted]; see generally People v Gillotti, 23 NY3d 841, 861 [2014]).
Specifically, defendant was assessed five points for sexual contact over clothing. While we agree with defendant that there was no evidence of actual penetration of the victim, the case summary and evidence at the hearing established that defendant intended to and came close to penetrating the victim. During the course of his sexual assault of the 14-year-old female victim, he placed a condom on his penis and twice tried to penetrate her even though she was still wearing her shorts and underwear. We thus conclude that the five points assessed in the category of sexual contact did not adequately take into account the severity of the assault, the risk of reoffense or defendant's danger to the community (see People v Headwell, 156 AD3d 1263, 1264 [3d Dept 2017], lv denied 31 NY3d 902 [2018]; People v DeDona, 102 AD3d 58, 68 [2d Dept 2012]).
"[A]n objective risk assessment instrument, 'no matter how well designed, will not fully capture the nuances of every case' " (DeDona, 102 AD3d at 68, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [Guidelines]), and the Board of Examiners of Sex Offenders has specifically acknowledged the possibility of an upward departure where the court concludes that the lack of points, or in this case the actual point assessment, "results in an under-assessment of the offender's actual risk to public safety" (Guidelines at 9).
Based on our determination that the upward departure was warranted on that ground, we do not address defendant's contentions regarding other factors that were cited by the court as a basis for an upward departure.
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court