People v Villan (2025 NY Slip Op 00115)

People v Villan

2025 NY Slip Op 00115

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2018-13727
 (Ind. No. 2922/16)

[*1]The People of the State of New York, respondent,
v
Joel Pastrana Villan, appellant.

Patricia Pazner, New York, NY (Alice R.B. Cullina of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle M. O'Boyle of counsel; Faith Simmons on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered October 22, 2018, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review four orders of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, the orders of protection are modified, on the law, by deleting the provisions thereof directing that they shall remain in effect until and including April 21, 2030, and substituting therefor provisions directing that they shall remain in effect until and including March 27, 2030; and it is further,
ORDERED that the judgment is affirmed.
The defendant's contention that the orders of protection issued at the time of sentencing should be vacated because the Supreme Court failed to state on the record the reasons for issuing them (see CPL 530.13[4]) is unpreserved for appellate review, since he failed to object to the orders of protection on that ground at sentencing or otherwise raise the issue before the court (see id. § 470.05[2]; People v Zhiminaicela-Duchitanga, 214 AD3d 1005). Under the circumstances presented, we decline to review that contention in the exercise of our interest of justice jurisdiction (see People v Delaurentis, 216 AD3d 664, 665-666; People v Zhiminaicela-Duchitanga, 214 AD3d at 1006).
As the People correctly concede, the duration of the orders of protection exceeded the maximum period permissible under CPL 530.13(4)(A). The defendant requests, and the People concede, that the orders of protection should be modified accordingly. We therefore modify the orders of protection by providing that they shall remain in effect until and including March 27, 2030 (see People v Isaacs, 177 AD3d 770, 770; People v Kalb, 91 AD3d 1359, 1360).
CONNOLLY, J.P., FORD, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court