People v Tolliver (2025 NY Slip Op 00489)

People v Tolliver

2025 NY Slip Op 00489

Decided on January 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2025

Before: Kern, J.P., Singh, Kennedy, Rodriguez, Michael, JJ. 

Ind No. 627/83 Appeal No. 3596 Case No. 2019-1238 

[*1]The People of the State of New York, Respondent,
v
Reginald Tolliver, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Elizabeth B. Emmons of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Emily A. Aldridge of counsel), for respondent.

Appeal from order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about December 1, 2017, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law article 6-C), held in abeyance, and the matter remitted to Supreme Court for further proceedings in accordance with this decision.
In designating a sex offender's risk level under SORA, "[t]he court shall render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n[3]). Here, the court's statement at the conclusion of the hearing "did not adequately set forth the findings of fact and conclusions of law on which it based its decision" to assess the points at issue on appeal and deny defendant's motion for a downward departure (People v Smith, 11 NY3d 797, 798 [2008]). Instead, the court simply stated: "The People have met their burden of proof of clear and convincing evidence, that 135 points were properly assessed, which corresponds to a Level 3 sex offender designation. The motion for downward departure is denied." The court's written order repeated those statements. Therefore, we remand the matter to Supreme Court "to specify the required findings and conclusions, based on the evidence already introduced" (People v Straker, 215 AD3d 503, 503 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2025