People v Ridley (2025 NY Slip Op 05599)

People v Ridley

2025 NY Slip Op 05599

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, GREENWOOD, AND HANNAH, JJ.

721 KA 24-01859

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEPHANIE A. RIDLEY, DEFENDANT-APPELLANT. 

MICHAEL JOS. WITMER, ROCHESTER, FOR DEFENDANT-APPELLANT.
TODD J. CASELLA, DISTRICT ATTORNEY, PENN YAN, FOR RESPONDENT. 

 Appeal from an order of the Supreme Court, Yates County (Jason L. Cook, J.), entered November 16, 2023. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously reversed in the interest of justice and on the law without costs and the matter is remitted to Supreme Court, Yates County, for further proceedings in accordance with the following memorandum: On appeal from an order determining that she is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that Supreme Court erred in assessing points against her under risk factor 2 because the People failed to establish by clear and convincing evidence that she engaged in sexual intercourse with the victim. We reject that contention. Although there is no evidence that defendant herself actually engaged in sexual intercourse with the victim, the court properly determinated that the People met their burden by establishing that, under the circumstances of this case, defendant shared the intent of a person who engaged the victim in sexual intercourse (cf. People v McNeal, 234 AD3d 1247, 1248 [4th Dept 2025]; People v Blue, 186 AD3d 1088, 1090 [4th Dept 2020], lv denied 36 NY3d 901 [2020]; see generally Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 7 [2006]).
As the People correctly concede, the court violated defendant's right to due process by sua sponte assessing points under risk factor 14 (release environment: supervision) that were not requested by the People (see People v Buckmaster, 240 AD3d 1372, 1372-1373 [4th Dept 2025]; People v Chrisley, 172 AD3d 1914, 1914-1915 [4th Dept 2019]; People v Hackett, 89 AD3d 1479, 1480 [4th Dept 2011]). Although defendant failed to object to the assessment of points under risk factor 14 when the court rendered its oral decision, we "review defendant's contention in the interest of justice in light of the substantial infringement upon [her] due process and statutory rights" (Chrisley, 172 AD3d at 1915; see Buckmaster, 240 AD3d at 1373).
The People nevertheless assert that any error by the court in sua sponte assessing points against defendant is harmless, particularly in light of the court's decision to grant their request for an upward departure to risk level three. We disagree. Even assuming, arguendo, that the harmless error doctrine applies in this context (see People v Baxin, 26 NY3d 6, 11 [2015]; People v Wilke, 181 AD3d 1324, 1325 [4th Dept 2020]), we conclude that the error here cannot be deemed harmless inasmuch as we further agree with defendant that the court erred in granting the People's request for an upward departure. Specifically, the court failed to comply with the requirement of Correction Law § 168-n (3) that it set forth the findings of fact and conclusions of law upon which it based its decision to grant the People's request for an upward departure (see People v Flax, 71 AD3d 1451, 1451-1452 [4th Dept 2010]; People v Hubel, 70 AD3d 1492, 1493-1494 [4th Dept 2010]). In its decision, the court merely concluded, under the first part of the relevant three-part analysis, that the People had identified "aggravating . . . circumstances . . . of a kind or to a degree not adequately taken into account by the guidelines" (People v Gillotti, 23 NY3d 841, 861 [2014]). At no time in its decision did the court render a determination on the [*2]other two parts of the relevant analysis. Rather, after identifying the aggravating circumstances, the court conclusorily granted the People's application for an upward departure, without ever "weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (id.).
Inasmuch as the failure of the court to set forth the findings of fact and conclusions of law on which it based its decision "preclud[es] meaningful appellate review of the propriety of the court's risk level assessment" (Flax, 71 AD3d at 1452 [internal quotation marks omitted]), and given the court's improper assessment of points under risk factor 14, we reverse the order, vacate defendant's risk level determination, and remit the matter to Supreme Court for a new risk level determination, and a new hearing if necessary, in compliance with Correction Law § 168-n (3).
In light of our determination, defendant's remaining contention is academic.
Entered: October 10, 2025
Ann Dillon Flynn
Clerk of the Court