People v Eggers
2026 NY Slip Op 03530
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DOUGLAS E. EGGERS, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
216 KA 25-00336
Present: Lindley, J.P., Curran, Ogden, Delconte, And Hannah, JJ.

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (AXELLE LECOMTE MATHEWSON OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT.

Appeal from an amended order of the Ontario County Court (Frederick G. Reed, A.J.), dated April 25, 2025. The amended order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.
[*1]
It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an amended order determining that he is a level three risk pursuant to the Sex Offender Registration Act (SORA) (Correction Law § 168 et seq.).
As a preliminary matter, we note that the original order in this appeal was superseded by an amended order and the proper appeal is from the amended order (see Matter of Eric D. [appeal No. 1], 162 AD2d 1051, 1051 [4th Dept 1990]). Although defendant, by his notice of appeal, has taken an appeal from the original order, we conclude that the appeal must be deemed taken from the amended order inasmuch as the appeal is timely, no prejudice has resulted, and the amended order has been furnished to us (see CPLR 5512 [a]; see generally Tapp Partners, LLC v Wall Sections Inc., 244 AD3d 1727, 1728 [4th Dept 2025]).
We reject defendant's contention that County Court treated defendant's presumptive override as mandatory. It is well established "that the application of the override for a prior felony sex crime is presumptive, not mandatory or automatic" (People v Edmonds, 133 AD3d 1332, 1333 [4th Dept 2015], lv denied 26 NY3d 918 [2016]). Here, however, the court did not treat defendant's presumptive level three classification as mandatory, inasmuch as the court indicated that the presumptive override "[was] an override that I'm going to follow on this case" (cf. People v Douglas, 199 AD3d 1330, 1331 [4th Dept 2021]).
We agree with defendant that the court failed to comply with Correction Law § 168-n (3), which requires the court making a risk level determination pursuant to SORA to set forth the findings of fact and conclusions of law on which it based its determination (see People v Flax, 71 AD3d 1451, 1451-1452 [4th Dept 2010]). We conclude, however, that the record in this case "is sufficient to enable us to make our own findings of fact and conclusions of law" (People v Young, 108 AD3d 1232, 1233 [4th Dept 2013], lv denied 22 NY3d 853 [2013], rearg denied 22 NY3d 1036 [2013]).
We reject defendant's contention that the court should have granted his request for a downward departure to a level two risk. "Under SORA, a court must follow three analytical steps to determine whether or not to order a departure from the presumptive risk level indicated by the offender's guidelines factor score" (People v Gillotti, 23 NY3d 841, 861 [2014]). "At the first step, the court must decide whether the aggravating or mitigating circumstances alleged by a party seeking a departure are, as a matter of law, of a kind or to a degree not adequately taken [*2]into account by the guidelines" (id.). "At the second step, the court must decide whether the party requesting the departure has adduced sufficient evidence to meet its burden of proof in establishing that the alleged aggravating or mitigating circumstances actually exist in the case at hand" (id.). "If the party applying for a departure surmounts the first two steps, the law permits a departure, but the court still has discretion to refuse to depart or to grant a departure" (id.). "Thus, at the third step, the court must exercise its discretion by weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (id.).
Even assuming, arguendo, that defendant satisfied his burden with respect to "the first two steps of the three-step analysis required in evaluating a request for a downward departure" (People v Cornwell, 213 AD3d 1239, 1240 [4th Dept 2023], lv denied 39 NY3d 916 [2023]), we conclude on this record, after applying the third step of weighing the aggravating and mitigating factors, that the totality of the circumstances demonstrates that "defendant's presumptive risk level does not represent an over-assessment of his dangerousness and risk of sexual recidivism" (People v Burgess, 191 AD3d 1256, 1257 [4th Dept 2021]).
We have reviewed defendant's remaining contention and conclude that it lacks merit.
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court